■ MARTIN RISKIN et al., Respondents, v GREEN POINT SAVINGS BANK, Appellant. (Appeal No. 1.) [643 NYS2d 461] —Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Judgment of Supreme Court, Kings County, Ramirez, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.

■ MARTIN RISKIN et al., Respondents, v GREEN POINT SAVINGS BANK, Appellant. (Appeal No. 2.) [643 NYS2d 812] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs and defendant held mortgages on the same property in Brooklyn, executed the same day, July 7, 1988, by George Henry. The same person notarized Henry's signature on both mortgages. Plaintiffs' mortgage was recorded on July 27, 1988 and defendant's was recorded on August 12, 1988. Following a foreclosure action brought by plaintiffs in which defendant was not named as a party, the property was sold to plaintiffs by the Referee. Thereafter, defendant started its own foreclosure action, contending that its mortgage was superior. Plaintiffs then commenced this action, seeking to compel defendant either to redeem the property or be barred from foreclosing its mortgage.

Defendant moved and plaintiffs cross-moved for summary judgment. The only evidentiary proof in admissible form from a person at the closing was an affidavit of plaintiff Martin Riskin, who stated that he came to the closing prepared to deliver a satisfaction of a preexisting mortgage. He stated that the buyer lacked sufficient funds to close and that he (Riskin) was unwilling to give up his position as first mortgagee. Thus, it was agreed that Riskin would deliver a satisfaction of the preexisting mortgage but would take back a new mortgage for the balance actually due on the first mortgage together with a balance due the seller. The discussion occurred at the closing without any objection from defendant's representative. Riskin

stated that he understood that defendant was, contrary to its usual practice, giving a second mortgage. Supreme Court granted plaintiffs' cross motion for summary judgment.

Thereafter, the court granted defendant's motion for renewal and adhered to its original decision. Plaintiffs do not argue on appeal that renewal should not have been granted. The court erred in adhering to its original decision because, on renewal, defendant submitted the affidavit of its representative at the closing, Joseph Cistulli, who denied knowing of plaintiffs' mortgage and denied discussing it. The conflict between the affidavits of Riskin and Cistulli raises issues of fact requiring a trial (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Kings County, Ramirez, J.—Renewal.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.